IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Criminal Action No. 05-CR-00357-F

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEROY GILBERT ARRELLANO,

    Defendant.

---

**ORDER SETTING HEARING ON DEFENDANT'S
SECOND MOTION TO REVIEW DETENTION**

---

    This matter is before the Court on Defendant's Second Motion to Review Ruling of the Court Denying Defendant's Motion to Reconsider Pre-Trial Release Detention (Dkt. # 46), filed December 2, 2005.

    By Oral Order of this Court on November 18, 2005, Mr. Arrellano was given 14 days to file a Motion with additional case law supporting his request for this Court to review his detention. Mr. Arrellano timely filed his Second Motion, and attached two Tenth Circuit cases indicating a basis for reviewing his detention.

    Mr. Arrellano pled guilty on November 7, 2005, to one count of violation of 26 U.S.C. § 5861(d), possession of an unregistered firearm. Under 18 U.S.C. § 3143(a)(2),[1] a judicial officer "shall order that a person found guilty of an offense

---

[1] The defendant, in his Second Motion, refers to 18 U.S.C. § 3143(a)(3); however, such a provision does not exist. The United States, in their Government's Response to Defendant's Motion to Review Detention Order (Dkt. # 44, filed November 16, 2005), refers to § 3143(a)(2). Presumably, Mr. Arrellano intended § 3143(a)(2) as well.

in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained." Section 3142(f)(1)(A) includes "a crime of violence." Possession of an unregistered firearm is considered such a crime.

Section 3143(a)(2) contains two exceptions to this mandatory language: 1) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or 2) the government has recommended that no sentence of imprisonment be imposed and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to another person or the community. *See* 18 U.S.C. § 3143(a)(2). Neither of these exceptions apply to Mr. Arrellano–he has pled guilty to the offense, thereby making a finding of substantial likelihood of acquittal or new trial impossible, and the government has not recommended that no sentence of imprisonment be imposed.

However, another statutory provision provides an additional exception. Title 18 U.S.C. § 3145(c) states that "[a] person subject to detention pursuant to § 3143(a)(2) or (b)(2) and who meets the conditions of release set forth in § 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." For Mr. Arrellano, application of this exception requires two findings: 1) that exceptional reasons "clearly" exist for not detaining him, and 2) that clear and convincing evidence shows that he is not likely to flee or pose a danger to the safety of any other person or the community, as required by § 3143(a)(1). (Subsection (b)(1) is

not applicable to Mr. Arrellano, as it requires filing an appeal or a petition for a writ of certiorari.)

In *United States v. Kinslow*, the Tenth Circuit noted that a defendant found guilty of a crime of violence and otherwise required to be detained pre-sentencing "could obtain release under 18 U.S.C. § 3145(c)." *Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997). The court held that a district court erred in finding that § 3145(c) also required a defendant to meet the exceptions in § 3143(a)(2). *Id.* Rather, a defendant seeking release under § 3145(c) need only show exceptional circumstances and compliance with the requirements of § 3143(a)(1). *Id.* The circuit panel upheld the order denying release, however, on the basis that the district court "did not err in determining that the circumstances of this case did not present an exceptional reason for appellant's release pending sentencing." *Id.* at 557-58. Mr Arrellano also cites two unpublished decisions also reflecting the Tenth Circuit's recognition of the § 3145(c) exception. *See United States v. Verbickas*, 75 Fed. Appx. 705 (10th Cir. 2003) (finding that defendants' convictions required mandatory pre-sentencing detention and that they failed to show exceptional circumstances for release under 18 U.S.C. § 3145(c)); *United States v. Friday*, 246 F.3d 683 (Table) (10th Cir. 2000) (allowing defendant to raise on remand the argument that he is entitled to release pursuant to § 3145(c) for exceptional reasons).

Therefore, this Court may release Mr. Arrellano pending sentencing if the Court makes the two required findings described above. Although Magistrate Judge Boland previously determined that "no condition or combination of conditions will reasonably

assure the appearance of the defendant as required or reasonably assure the safety of the community," Order of Detention Pending Trial, Attached Findings at 2 (Dkt. # 13, filed August 11, 2005), a district court conducts a *de novo* review of a magistrate judge's order of detention without deference to the magistrate judge's findings or conclusion.  *See, e.g., United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990); *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Ruiz-Corral*, 338 F. Supp. 2d 1195, 1196 (D. Colo. 2004); *United States v. Walters*, 89 F. Supp. 2d 1217, 1219-20 (D. Kan. 2000).  Given these circumstances and applicable law it is ORDERED that a hearing on defendant's second motion shall be held on **Monday, December 12, 2005 at 3:45 p.m.**  Evidence and arguments shall be limited to the above-referenced factors.

DATED: December 8, 2005

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge